```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,       :

          - v. -                :

XAVIER CORREA, et al.,          :

               Defendants.      :    S1 11 Cr. 59 (LAK)

- - - - - - - - - - - - - - - - x
```

# MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
# IN OPPOSITION TO DEFENDANTS' PRETRIAL MOTIONS

```
                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              One St. Andrew's Plaza
                              New York, New York 10007

Parvin Moyne
Todd Blanche
Michael Ferrara
Assistant United States Attorneys
     -Of Counsel-
```

**PRELIMINARY STATEMENT**

The United States of America respectfully submits this memorandum of law in opposition to the pretrial motions of defendants Delmour Brown, Miguel Colon, and Junior Rosario.[1]

In his motion, defendant Miguel Colon moves this Court to order the Government to disclose the evidence as to any cooperating witness testimony, including any co-conspirator statements, that will be used against him at trial. Defendant Junior Rosario moves for (1) an order severing his trial or, in the alternative, Count Two of the Indictment; (2) an order directing the Government to file a Bill of Particulars; and (3) joinder in the motions of his co-defendants. Lastly, defendant Delmour Brown moves for an order to suppress his post-arrest statement.

The Government incorporates herein its Memorandum of Law in Opposition to Defendants' Pretrial Motions filed on or about April 18, 2011 (the "April 18, 2011 Memorandum"). As the arguments raised by Rosario for severance and a Bill of Particulars, and by Colon for information relating to cooperating witness' and co-conspirators' statements were addressed in the April 18, 2011 Memorandum, the Government respectfully refers the

---

[1] The Government has already responded to the pretrial motions filed by Riccardo Buckeridge, Raymond Concepcion, Steven Lewis, David Marte, Gregory Mella, Rikelby Mella, and Joshua Rodriguez.

Court to its April 18, 2011 Memorandum and submits that Rosario's and Colon's motions should be denied for the same reasons that their co-defendants' motions should be denied.

As discussed further below, the Government further respectfully submits that the Court should dismiss (without a hearing) defendant Brown's motion to suppress his post-arrest statement.

### The Motion to Suppress Delmour Brown's Post-Arrest Statement Should Be Dismissed Without a Hearing.

**A.   Relevant Facts**

On February 2, 2011, defendant Delmour Brown was arrested in his home pursuant to a federal arrest warrant issued pursuant to Indictment S1 11 Cr. 59 (LAK).  Subsequent to his arrest, Brown provided a statement in which he admitted, among other things, that he sold "crack" cocaine on Wheeler Avenue in the Bronx, New York, with several co-conspirators, and that members of the conspiracy kept a firearm at an apartment.  On April 11, 2011, the defendant filed a letter-motion through his counsel in which he moves to suppress his post-arrest statement on the ground that it was obtained in violation of his Miranda rights.

**B.   Discussion**

In support of his motion, Delmour Brown does not submit a factual affidavit.  Instead, through counsel, Brown alleges that his statements were made prior to being administered his Miranda

warnings.  Based on his motion, it appears that this factual assertion is exclusively based upon on the handwritten "time-stamp" on his written post-arrest statement (attached as Exhibit A to Brown's motion) and upon his written <u>Miranda</u> waiver (attached as Exhibit B to Brown's motion).

Brown's motion should be summarily dismissed as Brown has not submitted a factual affidavit from someone with personal knowledge claiming that his post-arrest statement was made in violation of his <u>Miranda</u> rights.  Specifically, there is no factual allegation that Brown was not <u>Mirandized</u> prior to his post-arrest statement.  While the handwritten "time-stamp" on the written <u>Miranda</u> waiver form is 8:20, and the handwritten "time-stamp" on the post-arrest statement is 8:15, Brown has not offered a sworn statement – or any other facts – contending that he had not been advised of his <u>Miranda</u> rights prior to his making the post-arrest statement.

A motion to suppress a confession must be supported by an affidavit that contains not just a "bald assertion that a statement was involuntary," but a "factual basis for such a characterization."  <u>United States</u> v. <u>Mathurin</u>, 148 F. 3d 68, 69 (2d Cir. 1998).  That burden is met by submitting an affidavit of a person with personal knowledge of the facts.  <u>United States</u> v. <u>Gillette</u>, 383 F.2d 843, 848 (2d Cir. 1967) (suppression hearing not warranted where only evidence was attorney's affidavit);

United States v. Ahmad, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (same); United States v. Vasta, 649 F. Supp. 974, 986 (S.D.N.Y. 1986) ("[T]o raise a factual issue ... such that a hearing is required, the defendant must support his claim with an affidavit based upon personal knowledge."). Without such an affidavit, courts "need not resolve factual disputes that may be presented by the moving papers." United States v. Caruso, 684 F. Supp. 84, 87 (S.D.N.Y. 1988). Courts in this District have routinely denied motions to suppress statements made to law enforcement when the defendant fails to submit an affidavit provided by an individual with personal knowledge about the circumstances of the alleged Constitutional violation. See United States v. Thornton, 2006 WL 3332985, at *2(D. Conn. Nov. 16, 2006; United States v. Gustus, 2002 WL 31260019, at *1 (S.D.N.Y. Oct. 8, 2002); United States v. Amery, 2002 WL 31027514, at *1 (S.D.N.Y. Sept. 10, 2002); United States v. Roberts, 2001 WL 1646732, at *10-11 (S.D.N.Y. Dec. 17, 2001); United States v. Belin, 2000 WL 679138, at *5 (S.D.N.Y. May 24, 2000); United States v. Ventura, 1998 WL 186737, at *1 (S.D.N.Y. Apr. 17, 1998). Indeed, there is certainly no Constitutional requirement that there be a written Miranda waiver. Where, as here, the only evidence alleging a Constitutional violation is a hand-written time stamp that appears to show a five minute differential between the statement and the signed Miranda waiver form, a hearing is unnecessary and

the motion should be denied.

Since Brown's motion fails to meet the requirements setting forth a basis for a dispute of fact, it should be denied and dismissed without a hearing.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Junior Rosario's and Miguel Colon's motions for the reasons stated in its April 18, 2011 Memorandum, and dismiss Delmour Brown's motion to suppress his post-arrest statement.

Dated:  New York, New York
        April 27, 2011

                Respectfully submitted,

                PREET BHARARA
                United States Attorney for the
                Southern District of New York


                By:    /s/
                Parvin Moyne/Todd Blanche/Michael Ferrara
                Assistant United States Attorneys
                (212) 637-2510/2494/2526

**AFFIRMATION OF SERVICE**

PARVIN MOYNE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.  That, on April 27, 2011, I caused the Government's Memorandum of Law in Opposition to Defendants' Pretrial Motions to be delivered by ECF to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          April 27, 2011

                                          ___/s/_____
                                          Parvin Moyne